COMMONWEALTH *vs.* GUTHRIE G., a juvenile. July 13, 2007. *Constitutional Law,* Search and seizure, Waiver of constitutional rights by juvenile, Admissions and confessions. *Search and Seizure,* Exigent circumstances, Consent. *Evidence,* Admissions and confessions, Voluntariness of statement. *Practice, Criminal,* Admissions and confessions, Voluntariness of statement.

The juvenile in this case was charged with delinquency by reason of unlawful possession of a firearm (G. L. c. 269, § 10 [*a*]) and receiving stolen property in excess of $250 (G. L. c. 266, § 60). A judge in the Juvenile Court allowed the juvenile's motion to suppress the firearm and certain statements he made to the police. The Commonwealth sought and obtained leave from a single justice of this court to pursue an interlocutory appeal from the suppression ruling. See Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). The Appeals Court reversed. *Commonwealth* v. *Guthrie G.*, 66 Mass. App. Ct. 414 (2006). We granted the juvenile's application for further appellate review.

The essential facts are set forth in the Appeals Court's opinion. See *id.* at 415-416. The Appeals Court held that, given the exigent circumstances and public safety concerns, the police were warranted in asking the juvenile whether he had a gun without first giving Miranda warnings, *id.* at 416-417; that the police were further justified in asking to see the gun, *id.* at 417; that

---

the juvenile freely and voluntarily consented to producing the weapon, *id.* at 417-418; that there was no constitutional violation when the officers followed the juvenile to his bedroom, where he went to retrieve the weapon, *id.* at 418-419; and finally, that the juvenile was not deprived of a meaningful opportunity to consult with his father when questioned at the police station, *id.* at 419-420.[1]

We agree with the Appeals Court's result for essentially the reasons articulated. Given the exigency and safety concerns, the officers were justified both in their initial questioning of the juvenile at his home and in following him to his bedroom when he went to get the gun. Nor was the juvenile denied an opportunity to confer with his parent before waiving his rights and answering questions at the police station.

The order allowing the juvenile's motion to suppress must therefore be reversed.

*So ordered.*

*Susan L. Collins* for the juvenile.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

The following submitted briefs for amici curiae:

*Lourdes M. Rosado & Marsha L. Levick,* of Pennsylvania, for Juvenile Law Center & others.

*Jane Larmon White,* Committee for Public Counsel Services, for Committee for Public Counsel Services.

---

[1]The dissent was of the view that the juvenile did not freely and voluntarily agree to produce the weapon, and that he did not have a meaningful opportunity to consult with his father at the station house. *Id.* at 421-431 (Duffly, J., dissenting).